## Sherman v. Sherman

*Joseph Nissley* and *William S. Middleton*, for libellant.

*Nolan F. Ziegler*, for respondent.

Fox, J., December 22, 1941.—We have duly considered the report of the master.

Two matters of importance confront us, besides the exceptions by respondent which we need not now consider.

A notice of the hearing was given to the corespondents Evans and LaRue; after the report was prepared, no notice was given to the corespondents of the prepara-

tion of the report as is required by rule 98 of the general rules of our court. The rule provides:

"After the master has prepared his report he shall give ten days' notice in writing to the parties in interest appearing before him or their attorneys, that he will present his report to the court on a day certain as provided in these rules, and that a final decree will be signed by the court unless exceptions are filed thereto with the master."

The notes of testimony disclose that libellant, and a constable employed by libellant and the constable's wife, were the three witnesses for libellant; her testimony was brief and related to the position of the automobile of Evans. The master's conclusion was that there was not sufficient evidence against the corespondent LaRue, and the libel was dismissed as to him, but that there was sufficient evidence against the corespondent Evans and the master recommended that a decree in divorce for adultery between the wife and Evans be made by the court.

We are of the opinion that each of the corespondents, Evans and LaRue, was a party in the case and the court has jurisdiction over them and, if it is found that either or both of the corespondents was guilty of adultery with respondent, that such one shall not be allowed to marry respondent; in our opinion the said corespondents come under the rule of court and should have been notified by the master of the preparation of the report and intention to file the same unless exceptions to the report be filed by the one notified within ten days from the time of notice.

The other matter in this case is the credibility of libellant, who testified in the case. The great weight of testimony given as to respondent's guilt of adultery is by libellant himself and the matter of his credibility, we think, should be considered and discussed by the master for the reason as appears in the amendment to the libel prayed for by libellant. The ground for di-

vorce first made was that of indignities on the part of respondent. The amendment allowed by the court charged adultery on the part of respondent with one LaRue and "with divers persons to the libellant unknown." A bill of particulars was called for and furnished by the attorneys for libellant on July 31, 1941, and sets forth, inter alia, that on March 9, 14, 15, 21, 22, 23, April 3, and 4, 1941, respondent and corespondent David Evans were seen at the home of libellant, 1620 Paxton Street, in such misconduct from which adultery might be inferred, and in the notes of testimony given by libellant himself it is disclosed that libellant saw this alleged misconduct on the respective dates and had full knowledge of it when he signed and swore to the amendment.

The master has found that adultery was committed by respondent and the corespondent Evans on March 22nd and on April 3rd and the only corroboration of libellant's testimony as to this is given by the witness Cappel Kushel, who was a constable hired by libellant to procure evidence against respondent.

We call attention of the master to the case of Pierpoint v. Pierpoint, 108 Pa. Superior Ct. 108, in which case, inter alia, it is said:

"The proofs must be clear and satisfactory, established by 'clean proofs of imperious reasons'." And in respect to the testimony of detectives, to the case of Klair v. Klair, 26 Dauph. 60, and Sturgeon on Pennsylvania Law and Proceedings in Divorce (3rd ed.) p. 209, sec. 8, and authorities therein cited.

We think the credibility of the witnesses should be considered and discussed by the master and he should change the report in such respects as to him seem just and proper.

And now, December 22, 1941, the report is sent back to the master to reconsider his report, embracing therein the credibility of libellant and the witness Cappel Kushel and change the report if he determines it

should be changed, after which 10 days' notice shall be given to libellant, respondent, and the corespondents, so that each one of them be given the opportunity to file exceptions to the report.

The master shall make report to the court accordingly.